UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE ERVIN,<br><br>Petitioner,<br><br>vs.<br><br>KEITH SMITH, Warden,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 1:09CV2586<br><br>JUDGE JOHN R. ADAMS<br><br>**ORDER AND DECISION** |

On November 5, 2009, following the exhaustion of his state court remedies, Petitioner Wayne Ervin filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] The matter was referred to Magistrate Judge Vecchiarelli for a Report and Recommendation ("the Report"). On March 11, 2010, Respondent Keith Smith filed an Answer/Return of Writ. Doc. 9. Magistrate Judge Vecchiarelli issued the Report on December 17, 2010, recommending that the Court dismiss Mr. Ervin's petition. Doc. 13. Specifically, the Report recommended that the Court dismiss Mr. Ervin's first three grounds for relief as without merit, and his fourth through eleventh grounds as procedurally defaulted. Doc. 13 at 31.

On January 18, 2011, Mr. Ervin objected to the Report's recommendation regarding only his first three grounds for relief. Doc. 16. Mr. Ervin's Objection is little more than an attempt by Mr. Ervin to reargue his petition, restating his objections to the state trial court's evidentiary rulings, as well as his objections to remarks made by the prosecutor during closing arguments. *See* Doc. 16. Given the fact that Mr. Ervin is a pro se litigant, the Court has liberally construed

[1] Under the mailbox rule, a habeas petition is deemed filed when the prisoner gives the petition to prison officials for filing in the federal courts. *See Houston v. Lack,* 487 U.S. 266, 273 (1988).

his objections. After reviewing Mr. Ervin's objections, the Court hereby ADOPTS the Report and DISMISSES Mr. Ervin's petition for the reasons discussed below.

## I. FACTS

The Report adequately states the factual background and procedural history of this matter. Mr. Ervin has demonstrated no error in the background and history, and therefore the Court will not reiterate those sections here.

## II. STANDARD OF REVIEW

### A. Objections to a Magistrate Judge's Report and Recommendation

If a party files written objections to a Magistrate's Report and Recommendation the Court must perform a de novo review of "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

### B. Petition for a Writ of Habeas Corpus

The Court utilizes the same standard of review detailed in the Report to examine the merits of Mr. Ervin's objections. As noted in the Report, district courts apply a deferential standard of review when deciding whether to grant a writ of habeas corpus. Doc. 13 at 13. After the Antiterrorism and Effective Death Penalty Act of 1996, a district court may only issue a writ of habeas corpus if the state court's decision is contrary to clearly established federal law or is based on an unreasonable determination of the facts in light of the law. 28 U.S.C. § 2254(d)(1). Law is "clearly established" only by Supreme Court holdings, not including dicta, that existed at the time of Mr. Ervin's conviction. *Carey v. Musladin*, 549 U.S. 74, 74 (2006). The Report also

correctly explains in detail what it means for a decision to be contrary to clearly established federal law or an unreasonable application of federal law. *See* Doc. 13 at 14.

## III. LAW AND ANALYSIS

### A. Petitioner's First Objection: the Report Fails to Address His Argument that the State Trial Court Abused Its Discretion, thereby Violating Due Process, by Refusing to Grant a Mistrial when the State Introduced Allegedly Unfair Prejudicial Evidence against Him.

Mr. Ervin's first objection asserts that the Report fails to address his argument that the state trial court abused its discretion, thereby violating due process, by refusing to grant a mistrial when the State introduced allegedly unfair prejudicial evidence against him. Mr. Ervin argues that the State introduced such evidence on two separate instances during his trial. Mr. Ervin initially moved the trial court for a mistrial after FBI agent Phillip Torsney's testimony regarding his arrest of Mr. Ervin on a murder charge that was unrelated to the present case. During the mitigation phase of the trial, Mr. Ervin again moved for a mistrial after the State cross-examined his mother as to whether she had been sneaking drugs to Mr. Ervin during his incarceration.

The Report finds that, despite couching the first ground for relief as a due process violation, Mr. Ervin does not directly challenge the trial court's refusal to declare a mistrial on that basis. Instead, the Report finds that Mr. Ervin challenges the state appellate court's findings with regard to the above instances by asserting that the appellate court's findings were unreasonable applications of federal law. The Court agrees with the Report's interpretation of Mr. Ervin's first ground for relief, as well as its conclusions that the state appellate court's findings are neither contrary to clearly established Supreme Court precedent nor unreasonable applications of federal law. Moreover, Mr. Ervin's objections identify no error in that analysis.

Furthermore, the Court finds that the Report adequately addresses whether the trial court violated due process by denying Mr. Ervin's two motions for a mistrial. The Report correctly states that violations of state evidentiary rules only violate due process, thereby becoming grounds for habeas relief, when they deny fundamental fairness. *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). The Report also provides reasons why the trial court's failure to grant Mr. Ervin's two motions for a mistrial did not deny fundamental fairness.

First, with regard to Mr. Torsney's testimony, the Report notes that his testimony did not reveal the nature of the crime for which Mr. Ervin was arrested. Mr. Ervin argues in his Objection that the mere fact that he was arrested for an unknown and unrelated crime "renders a seed of prejudice in the mind's [*sic*] of the jurors." Doc. 16 at 5. The Court agrees with the Report that given the fact that Mr. Ervin was on trial for multiple counts of aggravated murder, he was not greatly prejudiced by testimony regarding an additional arrest, much less denied fundamental fairness. Given the Court's view that the testimony was not greatly prejudicial, Mr. Ervin's additional argument that he was denied fundamental fairness when his defense counsel opened the door for this testimony is irrelevant.

Second, the Court finds that Mr. Ervin was neither prejudiced nor denied fundamental fairness by the State's cross-examination of his mother during the mitigation phase. Mr. Ervin objected to the State's inquiry as to whether Mr. Ervin's mother had smuggled drugs to him during his incarceration. The trial court promptly sustained the objection, and Mr. Ervin's mother never answered the State's question. Furthermore, the trial court instructed the jury to disregard the question. As the Report correctly states, there is a presumption that the court's instruction cured any prejudice. Doc. 13 at 22 (citing *Scott v. Mitchell*, 209 F.3d 854, 879 (6th Cir. 2000)). Mr. Ervin attempts to overcome this presumption by arguing that the question

"[left] the jury under the impression that the damaging evidence was permissible." Doc. 16 at 8. Mr. Ervin provides no factual support for this contention. As such, he does not overcome this presumption or establish a due process violation. Accordingly, Mr. Ervin's first objection is overruled.

**B. Petitioner's Second Objection: the Cross-Examination of His Mother during His Capital Mitigation Proceeding Violated Due Process.**

Mr. Ervin asserts as his second objection that he is entitled to habeas relief because the cross-examination of his mother during the mitigation phase of his trial violated due process. Without citing legal authority, Mr. Ervin baldly asserts that the "Due Process Clause prohibits the use of prejudicial character evidence in capital cases of other crimes, acts, or wrongdoings, that could likely influence the jury to consider it as an aggravating factor." Doc. 16 at 9. This objection is merely a reassertion of his first objection. Again, the Court agrees with the Report that the cross-examination of Mr. Ervin's mother during the mitigation phase of his trial was not prejudicial and does not rise to the level of a constitutional error. As such, his objection on this ground is overruled.

**C. Petitioner's Third Objection: the Report Misconstrues His Claim of Prosecutorial Misconduct and Erroneously Concludes that the Prosecutor's Remarks did not Violate Due Process.**

Mr. Ervin asserts as his third objection that the Report misconstrues his prosecutorial misconduct claim. Doc. 16 at 10. Mr. Ervin argues that the prosecutor's comment that the defense's theory of his case "insults your [the jury's] intelligence" was improper because it was an attack on defense counsel. Doc. 13 at 26, 30. The Court agrees with the Report that this comment in fact related to the believability of the defense's case. More importantly, the Court agrees with the Report that the comment was not improper, and thus it did not affect the fundamental fairness of Mr. Ervin's trial. *See United States v. Young*, 470 U.S. 1, 16 (1985)

(holding that a prosecutor's remarks did not undermine the fundamental fairness of the trial even though they were improper). As such, this single comment by the prosecutor does not entitle Mr. Ervin habeas relief. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974) (holding that a prosecutor's comments do not warrant habeas relief unless they "so infected the trial with unfairness as to make the resulting conviction a denial of due process").

Mr. Ervin further asserts that the above comment, combined with other comments made by the prosecutor during his trial, constitute flagrant prosecutorial misconduct. *See* Doc. 16. at 10. Mr. Ervin disagrees with the Report's finding that the evidence against him was so overwhelming that even if the comments were improper they did not prejudice him. The Court agrees with the Report that the evidence against Mr. Ervin was so "powerful" that it cannot be said that the remarks misled the jury. Doc. 13 at 30-31. Moreover, Mr. Ervin offers no factual support to counter the Report's analysis. Finally, Mr. Ervin contends that the trial court failed promptly to give the curative instruction to the jury. Assuming, *arguendo*, that the trial court did not promptly give a curative instruction, Mr. Ervin has not demonstrated with any evidence, let alone with the clear and convincing evidence required by 28 U.S.C. § 2254(e)(1)[2], that the state appellate court erred in its factual determination that the prosecutor's comments did not prejudice him. Accordingly, Mr. Ervin's third objection is overruled.

## IV. CONCLUSION

For the reasons stated above, the Court finds no merit in the objections raised by Mr. Ervin, and his objections are OVERRULED. Therefore, the Court hereby ADOPTS Magistrate Judge Vecchiarelli's Report and Recommendation. Accordingly, Mr. Ervin's petition for habeas corpus is hereby DISMISSED.

---

[2] "The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

July 19, 2011

*/s/ John R. Adams*
Judge John R. Adams
UNITED STATES DISTRICT COURT